http://www.va.gov/vetapp16/Files4/1630430.txt

Citation Nr: 1630430 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-28 449 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia

THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and major depression. 

2. Entitlement to service connection for sleep apnea, also claimed as undiagnosed sleep disturbance, to include as secondary to PTSD. 

3. Entitlement to service connection for a urinary tract disorder. 

4. Entitlement to service connection for erectile dysfunction (ED), to include as secondary to PTSD and urinary tract disorder. 

5. Entitlement to service connection for hypertension, to include as secondary to PTSD, major depression, undiagnosed sleep disturbance and/or in-service herbicide exposure. 

REPRESENTATION

Appellant represented by: Henry Mack, CWO4, USN Ret., Agent

ATTORNEY FOR THE BOARD

L. B. Cryan, Counsel

INTRODUCTION

The Veteran served on active duty from June 1960 to March 1965.

This case is before the Board of Veterans' Appeals (Board) on appeal from an October 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. The Veteran relocated to Virginia and jurisdiction of the Veteran's claims file was subsequently transferred to the RO in Roanoke, Virginia. 

This appeal was processed using the Virtual Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

On the Veteran's August 2014 VA Form 9, he requested to appear for a Board hearing at VA's Central Office in Washington, D.C. 

The case was subsequently certified to the Board on appeal in August 2015, and the Veteran was notified in June 2016 that his Central Office hearing was scheduled for August 2016. 

In correspondence received in June 2016, the Veteran requested to appear for a video conference hearing at the RO before a Veterans Law Judge sitting at VA's Central Office in Washington, D.C., in lieu of the previously requested Central Office hearing. The Veteran explained that due to health reasons, he was no longer able to travel to Washington, D.C. for an in-person hearing. 

Pursuant to 38 C.F.R. § 20.700(a), a hearing on appeal will be granted to an appellant who requests a hearing and is willing to appear in person. The Veteran is entitled to a hearing before a Veterans Law Judge, either in person, or via video conference in lieu of an in-person hearing, if he so chooses. 38 U.S.C.A. § 7107(b); 38 C.F.R. § 20.700. As the Veteran has provided good cause for his request to change venues, the hearing has been rescheduled and placed on the Board's video hearing docket for September 9, 2016 at 1:00 p.m.

Accordingly, the case is REMANDED for the following action:

The RO should notify the Veteran and his representative of the date, time and place of the hearing. After the hearing is conducted, or in the event the Veteran withdraws his hearing request or fails to report for the hearing, the claims file should be returned to the Board for appellate review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).